**EXXON CORPORATION, et al., Appellants,**

v.

**Triphene MIDDLETON, et al., Appellees.**

**No. 1658.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 22, 1981.

Frank G. Harmon, Louis L. Bagwell, Baker & Botts, Walter B. Morgan, Houston, for Exxon U. S. A.

John G. Tucker, Howell Cobb, Orgain, Bell & Tucker, Beaumont and Herf M. Weinert, Dallas, for appellants.

William Key Wilde, Charles G. King, Bracewell & Patterson, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and COULSON and JUNELL, JJ.

### ON REMAND FROM THE SUPREME COURT

J. CURTISS BROWN, Chief Justice.

This case is before this court on remand from the supreme court for consideration of certain insufficient evidence points presented on the initial appeal from the trial court.

The suit began in 1974 as three lawsuits by multiple plaintiffs to recover alleged deficiencies in royalty payments for natural gas produced from wells located on the plaintiffs lands. Two suits named Exxon Corporation (Exxon) and Sun Oil Company (Sun) as defendants. The third named only Sun as defendant. The three suits were consolidated into a single suit and tried to the court in January of 1977. The court rendered judgment for the several Middleton, White and Jackson plaintiffs against Exxon and Sun. Exxon and Sun appealed the judgment. The Middletons, Whites and Jackson filed a limited appeal.

In 1978, we reversed that portion of the trial court judgment holding that Exxon was not obligated to pay royalties based on the market value of gas produced from plaintiff-appellees' lands and sold at the tailgate of the Anahuac Gas Plant, and remanded to the trial court for determination and award to the Middletons and the Whites of the difference between the royalty paid by Exxon and the value at the wells of one-eighth of the gas sold. We further reversed and rendered the trial court judgment against Sun, holding that plaintiff-appellees take nothing in their actions against Sun. 571 S.W.2d 349, Tex.Civ.App.

The supreme court, on rehearing, reversed and remanded to this court to determine the insufficient evidence points previ-

ously presented with respect to evidence of market value after March 29, 1974. The supreme court also reversed our holding that the plaintiff-appellees take nothing against Sun and remanded to this court to consider the insufficient evidence points originally presented. 613 S.W.2d 240, February 4, 1981.

Before submission of the case to this court on remand, the parties to the appeal filed a joint motion to dismiss the proceedings against Exxon and a joint motion to reverse and remand to the trial court the proceedings against Sun, on the grounds that the controversy had been settled by and among the parties. We therefore grant the motion to dismiss the proceedings against Exxon and the motion to reverse and remand the proceedings against Sun.

Dismissed in part, reversed and remanded in part.